IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 1 3 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

| | |
|---|---|
| CYNTHIA H. SWISHER, | ) |
| | ) Civil Action No. 5:06CV00007 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Cynthia H. Swisher, was born on September 20, 1957 and eventually completed her high school education. Mrs. Swisher has been employed as a cafeteria worker, certified nursing assistant, and deli clerk. She last worked on a full time basis in 2002. On August 2, 2003, plaintiff filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on January 3, 2002, due to pain in her back, legs, and feet; heel spurs; claustrophobia; neuropathy; panic attacks; high blood pressure; high blood sugar; blurred vision; uncontrollable bladder; depression; sleep apnea; migraines; and clogged carotid arteries. Mrs. Swisher later amended her application to reflect an alleged disability

onset of July 1, 2003. She now maintains that she has remained disabled to the present time. The record reveals that Mrs. Swisher met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 414 and 423.

Mrs. Swisher's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 9, 2005, the Law Judge also determined that Mrs. Swisher is not disabled. The Law Judge assessed plaintiff's physical and emotional problems as follows:

> The medical evidence documents the presence of impairments best described as: degenerative disc disease of the lumbar spine; diabetes mellitus; benign carotid stenosis; asthmatic bronchitis; allergies; hypertension; mild cardiomegaly; migraine headaches; status-post carpal tunnel release surgery (1985); status-post tarsal tunnel repair surgery; status-post cholecystectomy (1981); obesity; and depression/anxiety. These impairments are collectively "severe" within the meaning of the Regulations, but are not, either individually or in combination, present at the level sufficient to meet or medically equal the criteria of any condition contained in the Medical Listings. (TR 22).

Because of her physical problems, the Law Judge found that Mrs. Swisher is unable to perform any of her past relevant work roles. However, the Law Judge held that plaintiff retains sufficient functional capacity to perform a limited range of sedentary exertional activities. Specifically, the Law Judge found as follows:

> No period of 12 consecutive months elapsed during which the claimant lacked the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567 that provides the option to sit or stand at 30 minute intervals and involves only occasional bending at the waist (stooping), occasional bending at the knees (crouching), occasional kneeling, occasional climbing, and occasional reaching (20 C.F.R. § 404.1567). (TR 25-26)

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Mrs. Swisher retains sufficient functional capacity to perform several specific sedentary work roles

2

existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Swisher has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. While Mrs. Swisher suffers from a variety of physical and emotional problems, the court believes that the Administrative Law Judge properly recognized that plaintiff's musculoskeletal discomfort, centering in her lower back, constitutes her most serious work-related impediment. The Law Judge carefully reviewed the medical record in attempting to assess the functional impact of plaintiff's musculoskeletal complaints. However, the court believes that the Administrative Law Judge did not explicitly consider a physical capacities evaluation completed by Dr. Adetayo Mabadeje, a pain management

3

specialist, on March 14, 2005. The court reads this report to indicate that Mrs. Swisher does not now possess sufficient residual functional capacity to perform even sedentary levels of work on a regular and sustained basis. Because it appears that the Administrative Law Judge did not consider Dr. Mabadeje's assessment in finding that Mrs. Swisher retains sufficient functional capacity for a limited range of sedentary physical exertion, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration.

It seems that Mrs. Swisher has suffered from back pain for several years. Her condition has gradually worsened. Objective studies have revealed disc space narrowing as well as a small right lateral herniated disc at the L2/3 level. Plaintiff has undergone physical therapy and steroid injections in an attempt to control her subjective discomfort, though without significant abatement.

Beginning in the fall of 2004, Mrs. Swisher has been treated by Dr. Mabadeje, a pain management specialist. Dr. Mabadeje clearly qualifies as a treating physician within the meaning of 20 C.F.R. § 404.1527(d). Dr. Mabadeje has had access to plaintiff's objective studies, and she has reviewed Mrs. Swisher's medical history. Dr. Mabadeje submitted a physical capacities evaluation on March 14, 2005, after four months of treatment. (TR 378-382). She diagnosed lumbar radicular pain and lumbar disk protrusion. By way of physical findings, Dr. Mabadeje reported a slightly antalgic gait favoring the right lower extremity, positive straight leg raising on the right, and reduced sensation in the right lower extremity. She noted that two selective nerve root blocks had been unsuccessful in relieving plaintiff's pain, though she had experienced some pain control with narcotic medications. While Dr. Mabadeje reported depression, she did not feel that plaintiff's emotional symptoms contributed to the overall severity of her limitations. Dr. Mabadeje did report, however, that plaintiff's symptoms are consistent with her physical findings. In terms of residual

4

functional capacity, Dr. Mabadeje opined that plaintiff is unable to sit for more than about two hours in an eight hour work day, and that she is unable to stand and walk for more than two hours in an eight hour work day. She estimated that Mrs. Swisher must frequently shift positions between sitting, standing, and walking in order to relieve her discomfort.

In his opinion, the Law Judge did not mention Dr. Mabadeje's assessment as to plaintiff's capacity forسسsitting and standing during a work day.[1] However, the Law Judge's questioning of the vocational expert indicates that he had read Dr. Mabadeje's assessment. In any event, the Law Judge's ultimate finding of residual functional capacity to perform certain sedentary work roles on a full-time basis is clearly inconsistent with Dr. Mabadeje's findings and opinions.

It is well settled that in resolving conflicts in the evidence, the Commissioner must specifically indicate the weight given to all of the relevant evidence, as well as the reasons thought to be in support of the ultimate conclusion regarding relative merit. Murphy v. Bowen, 810 F.2d 433 (4th Cir. 1987); Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984); DeLoatche v. Heckler, 715 F.2d 148 (4th Cir. 1983). In the instant case, the Law Judge rejected the opinions of Dr. Mabadeje and Dr. Whitehill, plaintiff's orthopedic surgeon, who both indicated that Mrs. Swisher is limited to working no more than two days a week. The Law Judge also cited an absence of objective medical evidence to support several of plaintiff's *other* physical problems. However, the Law Judge simply did not address the temporal limitations found by Dr. Mabadeje in terms of plaintiff's capacity for sustained work activity. Contrary to the Law Judge's suggestion, Dr. Mabadeje did identify objective findings which tend to support her determination that Mrs. Swisher does experience

---

[1] Remarkably, the Commissioner also omitted mention of the physical capacities evaluation in her memorandum in support of a motion for summary judgment.

5

definite limitations in her capacity for sustained employment activity, due to pain and subjective discomfort. In short, given the current record, the court is unable to conclude that there is substantial evidence to support the Law Judge's ultimate conclusion that Mrs. Swisher's physical problems are not so severe as to prevent performance of sustained work activity.

On the other hand, the court is unable to conclude at this time that Mrs. Swisher has met the burden of proof in establishing total disability for all forms of substantial gainful employment. As properly noted by the Commissioner in her motion for summary judgment, Dr. Mabadeje also reported that plaintiff had experienced improvement with the use of narcotic medications. (TR 363, 365). It is unclear whether Dr. Mabadeje considered the palliative effect of plaintiff's medication in assessing her residual functional capacity. Moreover, during part of the time in which she was seen by Dr. Mabadeje, Mrs. Swisher was in a right foot cast for treatment of tarsal tunnel syndrome. (TR 365). It is unclear to what extent this transitory problem may have clouded Mrs. Swisher's overall medical picture. Finally, the court notes that Dr. Mabadeje's functional capacity questionnaire gives no indication as to the expected duration of Mrs. Swisher's limitations.[2]

In remanding this case to the Commissioner for further consideration, the court notes that no consultative physical examination was performed in Mrs. Swisher's case. While the Law Judge relied on medical reports compiled by nonexamining physicians, there is no medical evidence by an examining medical source which contradicts Dr. Mabadeje's assessment. Upon remand, the Commissioner may wish to arrange for an examination by a consultative physician so as to permit some informed assessment as to the severity and duration of plaintiff's musculoskeletal problems.

---

[2] Dr. Mabadeje did report plaintiff's prognosis as "fair." (TR 378).

6

In summary, the court is unable to determine that the Commissioner has thoroughly considered all the medical evidence submitted in connection with plaintiff's claim for benefits. The court finds "good cause" for remand of the case to the Commissioner for further development and consideration. If the Commissioner is unable to resolve the issues in this matter in plaintiff's favor based on the existing record, and whatever new medical evidence may be submitted, the Commissioner shall conduct a new administrative hearing. Upon remand, both sides will be allowed to submit additional evidence and argument.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 13rd day of September, 2006.

*[signature]*

United States District Judge